UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BEVERLY C. COTTON, <br>     Plaintiff, | CIVIL ACTION NO.: |
| VS. | |
| ELLUCIAN SUPPORT, INC., and <br> AETNA, INC., d/b/a AETNA LIFE <br> INSURANCE CO., INC., | NOVEMBER 29, 2017 |
|     Defendants. | |

## NOTICE OF REMOVAL

Defendants, Ellucian Support, Inc. ("Ellucian") and Aetna, Inc., d/b/a Aetna Life Insurance Company ("Aetna"), through the undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal of the above-entitled action to this Court from the Superior Court of the State of New Hampshire, Hillsborough Superior Court, Northern District, in which this action was initially filed and where it is now pending. The basis for removal, as explained below, is federal question jurisdiction, as the Plaintiff's claims pertain to an employer-sponsored disability benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the benefit plan is central to the claims and resolution of the dispute.

In support of this Notice of Removal, Defendants state as follows:

1. On or about October 24, 2017, plaintiff Beverly C. Cotton ("Plaintiff"), initiated a civil action by filing a Summons and Complaint in the Superior Court of the State of New Hampshire, Hillsborough Superior Court, Northern District, in Manchester, NH, entitled, Beverly C. Cotton v. Ellucian Support, Inc. and Aetna, Inc., d/b/a Aetna Life Insurance

17391227-v1

Company, Case No. 216-2017-CV00797 (hereinafter referred to as "the State Court Action"). Copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A.

2. On October 31, 2017, the State Court Action was served upon Ellucian. On November 2, 2017, the State Court Action was served upon Aetna through its statutory agent for service of process.

3. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1441 *et seq.* based upon federal question jurisdiction, as the Complaint alleges claims related to an employer-sponsored long-term disability benefit plan that is governed exclusively by the Employee Retirement Income Security Act of 1974, as amended (ERISA). 29 U.S.C. § 1002 (2) and (3). More specifically, Plaintiff alleges that she was employed by Ellucian and participated in disability benefit plans that Ellucian provided to its employees. (Complaint, ¶¶ 4-5). She claims that she was "deemed disabled" and received short-term disability benefits from Ellucian for a period of time. (Complaint, ¶ 5). Plaintiff alleges that, on or about September 21, 2016, she started receiving long-term disability benefits from Ellucian through its insurer, Aetna. (Complaint, ¶ 6). Expressly referring to the Ellucian Benefit Plan (the "Plan"), Plaintiff claims that Defendants miscalculated her Predisability Earnings and that she has not been paid the correct amount of benefits owed to her pursuant to the terms of the Plan. (Complaint, ¶¶ 7-13).

4. Resolution of the claims against Defendants will require review and application of the terms of the employee benefit Plan, as any potential liability against Defendants derives from the particular rights and obligations imposed in accordance with the terms of the Plan.

Accordingly, Plaintiff is asserting causes of action that fall squarely within the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a), which provide for civil actions by a plan participant or beneficiary, *inter alia*, "to recover benefits due to him under the terms of [a] plan, to enforce his rights under the terms of [a] plan, or to clarify his rights to future benefits under the terms of [a] plan." 29 U.S.C. §§ 1132(a)(1).

5.  The fact that Plaintiff has chosen to avoid styling her claims as ones arising under ERISA is of no consequence to the Court's jurisdiction over this matter. A plaintiff may not avoid removal "by framing in terms of state law a complaint the real nature of [which] is federal … or by omitting to plead necessary federal questions in a complaint." Derrico v. Sheehan Emergency Hosp., 844 F.2d 22, 27 (2d Cir. 1988).

6.  Although Plaintiff asserts claims against Defendants based on state law causes of action for breach of contract and plea of debt, ERISA completely preempts these claims and removal is proper. In Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2499-500 (2004), the United States Supreme Court held that a defendant may remove a state law cause of action to federal court if the cause of action falls within the scope of ERISA's civil enforcement provision, Section 502(a) (codified as 29 U.S.C. § 1132 (a)). If this criterion is satisfied, a plaintiff's state law claims are automatically converted into "federal claims for purposes of the well-pleaded complaint rule." Id. at 2496. *See also* Negron-Fuentes v. UPS Supply, 532 F.3d 1, 6-7 (1st Cir. 2008) (Section 502(a)(1)(B) of ERISA "does displace state law causes of action, triggering complete preemption and allowing for removal…Removability thus turns on whether any of [plaintiff's] claims . . . are in substance duplicated or supplanted by the ERISA cause of action (in which case removal based on complete preemption is proper)"). Here, Plaintiff's

claims are duplicated or supplanted by those set forth in 29 U.S.C. § 1132(a)(1)(B), and removal is therefore proper.

7. Pursuant to 28 U.S.C. § 1441 (a), any civil action over which the district court has original jurisdiction founded on a claim or right arising under the laws of the United States shall be removable without regard to the citizenship of the parties.

8. The United States District Court for the District of New Hampshire embraces the place where the action was pending in state court. Venue is proper pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1132(e).

9. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), Defendants' Notice of Removal is timely filed within 30 days after receipt by Defendants of a copy of the initial pleading setting forth Plaintiff's claims for relief.

10. The only process, pleadings, or orders served and filed in the State Court Action of which Defendants are aware are the following: Summons and Complaint, a true and accurate copy of which is attached hereto as Exhibit A. An appearance was filed in the State Court Action by the undersigned, Dana Horton, of Robinson & Cole LLP, for and on behalf of Defendants. Plaintiff is represented by William J. Schubert, Schubert Law Offices, 100 Webster Street, Manchester, NH 03104.

11. Defendants have served Plaintiff with a copy of this Notice of Removal, with all attachments, and has filed a true copy of this Notice of Removal, with all attachments, with the Clerk of the Superior Court of New Hampshire, Hillsborough Superior Court, Northern District, in Manchester, as shown by the Certificate of Compliance with Notice of Removal Procedures filed contemporaneously with this Notice of Removal.

WHEREFORE, Defendants request that this Court accept this Notice of Removal and that this Court assume jurisdiction over this action.

**DEFENDANTS,
AETNA, INC., d/b/a AETNA LIFE
INSURANCE CO. and
ELLUCIAN SUPPORT, INC.**

By  */s/ Dana M. Horton*
Dana M. Horton
NH Bar ID: 266851
Robinson & Cole LLP
One Financial Plaza, Suite 1430
Providence, RI 02903-2485
Phone: 401-709-3352
Fax: 401-709-3399
dhorton@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2017, the foregoing and all attachments were filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I hereby further certify that a copy of the foregoing together with all attachments, has been sent by U.S. Mail to all counsel and pro se parties of record this 29th day of November, 2017, as follows:

William J. Schubert
Schubert Law Offices
100 Webster Street
Manchester, NH 03104

/s/ Dana M. Horton
Dana M. Horton